ABNER L. GILSTRAP, Respondent, *v.* ST. LOUIS, MACON & OMAHA AIR LINE RAILROAD COMPANY, Appellant.

1. *Bills and notes — Draft, etc.* — An instrument of writing in terms as follows, viz: "Treasurer of St. Louis" * * ' * etc., "Railroad Company will pay to A., or order, $1,700.

"Done by order of the Board of Directors.            B., President.

"C., Secretary."

Was a bill or note for the direct payment of money, within the meaning of the statute, and the party suing upon it was entitled to default in case of failure to answer on or before the second day of the return term.

*Appeal from Macon Court of Common Pleas.*

*Berry & Wing*, for appellant.

The instrument sued on is not a bond, bill or note, within the meaning of the statute. (Gen. Stat. 1865, ch. 165, § 5 ; Jackman v. Bowker, 4 Metc. 235 ; 1 Pars. Notes and Bills, 60, 61, 210 ; Doan v. Holly, 27 Mo. 256 ; 34 Mo. 318.)

*Eberman & Williams*, for respondent.

The instrument sued on is for the direct payment of money, and may be regarded as a bill of exchange or promissory note. (2 Pars. Notes and Bills, 1st ed., 35, note *c* ; *id.* 57–60, and notes ; Harker v. Anderson, 21 Wend. 372 ; Bickerdicke v. Bollman, 1 T. R. 403 ; Ellison v. Collingridge, 9 C. B. 570 ; 67 Eng. Com. Law, ed. 1862, p. 570 ; Allen v. The Sea Fire & Life A. Co., 9 C. B. 574 ; 1 Doug., Mich., 193.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought this action in the court below upon the following instrument of writing : "$1,771.09. Office of the St. Louis, Macon & Omaha Air Line Railroad Company, Macon, Missouri, April 18, 1871.

"Treasurer St. Louis, Macon & Omaha Air Line Railroad Company will pay to A. L. Gilstrap, or order, seventeen hundred and seventy one dollars and nine cents.

"Done by order of the Board of Directors.

JOHN DOUGHERTY, President.

"Attest : D. K. Turk, Secretary."

On the fifth day of the court, no answer having been filed, judgment was given for the plaintiff by default, which was afterwards made final. On the eighth day of the term defendant filed its motion to set aside the judgment, because the same was rendered before the time had expired in which the defendant was entitled to file its answer. This motion was by the court overruled ; and afterwards the defendant filed another motion to set aside the judgment and grant a new trial, stating that it had a meritorious

defense to the action, which motion, at the instance of the plaintiff, was stricken out on the ground that it was not filed within four days after the rendition of the judgment.

The grounds that defendant relies upon in support of its first motion are that the writing sued on is not an instrument which compelled it to answer within the first two days, and that it was entitled to six days within which to file its answer, and therefore the judgment of the court was erroneous.

The statute provides that where the suit is founded upon a bond, bill or note for the direct payment of money or property, and the defendant has been served with process, he shall demur or answer to the petition on or before the second day of the term, etc. (Wagn. Stat. 1014, § 5.) The instrument sued on was a bill or note for the direct payment of money, within the meaning of the statute; and it follows, therefore, that the court did not err in rendering judgment in default of an answer.

The decisions are numerous defining the character of writings similar to the one sued on, and some have held them to be bills of exchange, while others have assigned to them the qualities of promissory notes. The second motion was properly stricken out because not filed within four days after the trial; besides, it set up no good or valid reason for the delay in making the defense. (Wagn. Stat. 1059, § 6.) It is contended here that the instrument is void because it was not stamped, but this point was not raised or brought to the attention of the court below by motion or otherwise at the proper time, and is not available here.

Judgment affirmed. The other judges concur.